28475. REESE v. THE STATE.

Submitted December 3, 1973 — Decided March 7, 1974.

Robert Carpenter, for appellant.

Lewis R. Slaton, District Attorney, Raoul Lerow, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., B. Dean Grindle, Assistant Attorneys General, for appellee.

Grice, Presiding Justice. This appeal by Johnny Reese is from the judgment of his conviction for murder and sentence of life imprisonment. He was indicted by the grand jury of Fulton County for the slaying of George Wilson, was found guilty and was sentenced to life imprisonment. He enumerates as error the overruling of his amended motion for new trial, which asserts (1) the general grounds, (2) the failure to charge on voluntary manslaughter and (3) restricting his counsel in his argument to the jury and admonishing him in the presence of the jury.

We have concluded that none of these grounds is meritorious.

■ The evidence amply supports the verdict. The appellant offered evidence that the deceased drew a knife on him and that the shooting was therefore justified. However, the state produced evidence to the effect that the appellant and deceased had fought previously that day; that afterward the appellant stated that he was going to kill the deceased; that later when he encountered the deceased, he removed a sawed-off shotgun from his coat and at close range fired the fatal shot while the deceased was standing there unarmed, not saying or doing anything.

■ The evidence, considered either from the viewpoint of the appellant or of the state, did not require a charge to the jury on voluntary manslaughter. What occurred, as we appraise the situation, was either murder or justifiable homicide, not voluntary manslaughter. The appellant's reliance on justifiable homicide clearly demonstrates that an instruction on voluntary manslaughter would have been improper.

■ What occurred with reference to appellant's counsel in his argument does not show an abuse of discretion by the trial court.

Defense counsel was contending that the prosecution had removed evidence from the body of the deceased and that it had failed to produce this at the trial. He stated in substance that it was not his duty to produce something which the state should produce.

We do not find from the transcript of evidence that any such removal was supported by the evidence or that any logical

inference or deduction could be drawn therefrom in this respect.

Therefore the trial court's action in admonishing counsel was not improper.

We find no error in the proceedings.

*Judgment affirmed. All the Justices concur.*